DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 4:06 CR 270 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. SECTION 3553(a) |
| Tyrone Graham, | ) ) | |
| Defendant. | ) | |

Introduction

The Court conducted the sentencing hearing of the defendant, Tyrone Graham. The Court determined that the defendant's total offense level was 23 with a criminal history category of III calling for a sentencing range under the advisory sentencing guidelines of 57 to 71 months. However, the defendant is subject to a mandatory minimum penalty of 60 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 60 months with supervised release for a period of four years.

II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

(4:06 CR 270)

### (1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The offense conduct is set forth as follows:

> Beginning at least as early as March of 2005, and continuing through approximately June of 2006, the defendant, and others known and unknown, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with diverse others known and unknown, to possess with the intent to distribute and to distribute at least 5 grams but less than 20 grams of a mixture or substance containing a detectable amount of cocaine base ("crack").
>
> Specifically, it was part of the conspiracy that the defendant would buy quantities of crack cocaine from either Jermaine or Justin Young and sell the drugs to his customers in the Youngstown, Ohio area.

Mr. Graham is a 25 year old male with a criminal record dating back to 1999. His criminal record includes a 1999 misdemeanor conviction for Drug Possession and 2003 conviction for felony Drug Possession and felony Drug Trafficking. He has no known history of violence.

Mr. Graham graduated from Woodrow Wilson High School in Youngstown, Ohio. He also reported attending classes at Youngstown State University from 2000 to 2002.

From 2000 to 2005, Mr. Graham held various non-skilled jobs he obtained through a temporary employment agency. During the summer months from 1996 to 1998 he worked at the Canfield Fair.

Mr. Graham indicated he began using marijuana at age 14 and powder cocaine and MDMA (ecstasy) at age 16. He began abusing prescription drugs at age 20. He also reported he

2

(4:06 CR 270)

has a history of alcohol abuse.  Occasionally, Mr. Graham experiences situational depression.

He stated he attempted suicide somewhere between ages 10 and 12.

Mr. Graham has a good relationship with his mother and siblings.  His father abused his mother and Mr. Graham indicated he does not get along with his father because of the abuse.

The defendant's acceptance of responsibility is set forth in paragraph 36 of the presentence report as follows:

> "Around March 2005, I participated in the sale of cocaine to an individual who turned out to be an F.B.I. informant.  Due to drugs and alcohol it stop my ambition to be an engineer, and I am very remorseful and sorry I let my family down and didn't finish college." [sic]

**(2)  The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

Trafficking in crack cocaine is a plague on our society.  The Congress has mandated mandatory minimum sentences for such criminal conduct and thus a sentence to the mandatory minimum will promote respect for the law and provide just punishment for the offense.

**(B)  to afford adequate deterrence to criminal conduct;**

A sentence of 60 months for this defendant will afford adequate deterrence to criminal conduct both on his part and also on the part of his friends and relations who become aware of the serious consequences in dealing in crack cocaine.

**(C)  to protect the public from further crimes of the defendant;**

3

(4:06 CR 270)

The defendant is a relatively young man. His previous encounter with cocaine and marijuana led only to three years of community control. It appears now that a sentence in incarceration for 60 months will protect the public from further crimes of the defendant.

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

The defendant will have a better chance at success upon release from confinement if he uses his period of confinement to broaden his education and to engage in developing skills through the services of Prison Industries. Additionally, further drug treatment while incarcerated should provide the defendant with the opportunity to conquer his addiction to drug abuse.

## CONCLUSION

Based upon the foregoing, the Court concludes that a sentence of 60 months followed by four years of supervised release and within the advisory guideline range, is a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

| | |
|---|---|
| October 27, 2006 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

4